UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH FORD,

                Petitioner,              Case No. 1:18-cv-10563
                                                      Hon. Thomas L. Ludington

v.

BONITA HOFFNER,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. Kenneth Ford, ("Petitioner"), was convicted after a bench trial in the Wayne Circuit Court of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. Petitioner was sentenced as a habitual felony offender to 27 to 42 years' imprisonment. The petition asserts two grounds for relief: (1) Petitioner was denied the effective assistance of counsel, and (2) the trial court incorrectly scored the sentencing guidelines and failed to depart below the recommended range. Petitioner's claims are without merit and will be denied.

**I.**

The Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

      At approximately 4:00 p.m. on March 7, 2014, the victim, David Schultz, approached defendant outside of defendant's apartment building. Schultz hoped to

apologize to defendant for a physical altercation the two men had the day before over a woman. After Schultz greeted defendant and the other man defendant was standing with, defendant invited Schultz up to defendant's apartment. Upon entering the apartment, defendant, Schultz, and the other man sat down at defendant's kitchen table. Schultz then began to apologize to defendant for assaulting him the previous day.

After hearing Schultz's apology, defendant excused himself to go to the bathroom. After approximately two minutes, Schultz observed defendant emerge from the bathroom carrying a shotgun by his right side. Defendant told the other man to move out of the way, at which point Schultz ran towards the front door of the apartment to avoid getting shot. As Schultz attempted to unlock the front door, defendant fired the shotgun and struck Schultz in his back and side. Schultz was able to escape from the apartment and received aid at a store next to the apartment building. Defendant was arrested later that day and a subsequent search of the apartment by the police uncovered an unspent shell casing on the floor of the apartment, two pellets inside the apartment by the front door, and a spent shell casing on the roof outside of the apartment.

*People v. Ford*, 2015 WL 8283477, at *1 (Mich. Ct. App. Dec. 8, 2015).

After his conviction and sentence Petitioner filed a direct appeal in the Michigan Court of Appeals. His brief on appeal raised two claims:

I. Defendant's state and federal constitutional rights were violated where trial defense counsel was ineffective for failing to prepare for trial and to prepare a defense, failing to review medical records with him prior to trial, for failing to move for a ballistics expert and for counseling [Ford] to waive his right to a jury trial.

II. Defendant is entitled to resentencing where the sentencing guidelines were mis-scored in violation of the state and federal due process right to sentencing based upon accurate information and defense counsel was ineffective for not making all possible guideline challenges and for not arguing mitigating factors.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished opinion. *Ford*, 2015 WL 8283477, at *1. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court raising the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. *People v. Ford*, 878 N.W.2d 880 (Mich. 2016).

Petitioner returned to the trial court and filed a motion for relief from judgment. The motion claimed that Petitioner did not receive notice of the habitual felony offender charge and that the trial court relied on facts not proven beyond a reasonable doubt to increase his sentence. Dkt. 10-7. The trial court denied the lack-of-notice claim and ordered a response on Petitioner's sentencing claim. Dkt. 10-11. The trial court thereafter denied relief on Petitioner's sentencing claim. Dkt. 10-13.

Petitioner appealed this decision to the Michigan Court of Appeals, but his application for leave to appeal was denied. Petitioner appealed this decision, but the Michigan Supreme Court denied relief because he failed to meet the burden of establishing entitlement to relief under Mich. Ct. R. 6.508(D). *People v. Ford*, 904 N.W.2d 623 (Mich. 2017).

**II.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Federal courts must presume state courts' factual findings to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**III.**

Petitioner asserts two grounds for relief. First, that he was denied the effective assistance of counsel. Second, that the trial court incorrectly scored the sentencing guidelines and failed to depart below the recommended range. Each claim will be addressed in turn.

**A.**

Petitioner asserts that he was denied the effective assistance of trial counsel because his attorney: (1) failed to adequately prepare for trial, (2) failed to obtain medical records, (3) failed to obtain an expert witness, and (4) misadvised Petitioner to waive his jury-trial rights. These are the same arguments that Petitioner presented to the Michigan Court of Appeals and which the court rejected as follows:

> Defendant first claims that his trial counsel was ineffective because she failed to prepare for trial and failed to prepare a defense for trial. As the prosecution points out, defendant's claim that his trial counsel failed to prepare for trial is unsubstantiated. Defendant does not expand on this argument in his brief on appeal and there is no evidence in the record to suggest that defense counsel was unprepared for trial. Defendant's claim that his trial counsel failed to prepare a proper defense for trial is also not supported by the existing record. The record demonstrates that defendant's trial counsel tailored her strategy around defendant's testimony. Defendant testified at trial that he was beaten badly by Schultz the day before the shooting and that Schultz was ultimately the one who brought the shotgun to defendant's apartment the day of the shooting. Defendant's trial counsel elicited this testimony at trial and argued that it should be believed in her closing argument.
>
> In his brief on appeal, and in an attached affidavit, defendant now claims that his trial counsel told him to testify that there was a struggle and that Schultz was accidentally shot at close range. Schultz contends that if he had not received this advice, he would have testified that he shot at Schultz from a far distance in order to scare him away. However, as stated above, this Court's review is limited to the existing record in light of defendant's failure to move for a new trial or evidentiary hearing in the trial court on the basis that his trial counsel was ineffective and in light of this Court's order denying defendant's motion for a remand, which we decline to revisit. The record demonstrates that defense counsel argued defendant's version of events at trial and attempted to impeach Schultz's testimony at various points during trial. "A defense attorney must enjoy great discretion in the trying of a case—especially with regard to trial strategy and tactics." *Pickens*, 446 Mich. at 330. The record does not support the argument that defendant's trial counsel was deficient in preparing for trial or preparing a defense.

Defendant next argues that his trial counsel's performance was deficient because she failed to review Schultz's medical records with him before trial. Defendant contends that because the trial court found that the medical records contradicted defendant's testimony, his trial counsel was deficient when she failed to inform him of this contradiction before trial. Defendant contends that we should consider the affidavit referred to above. However, this affidavit, even if considered, does not provide a basis for reversal. Defendant claimed in this affidavit that "[h]is recollection of the incident that gave rise to these charges is spotty due to his long term drug addiction and mental health issues." Significantly, he stated that he had "little memory of the incident" but testified in accordance with his counsel's advice "because he had not seen the medical records." He stated that "[h]ad he known that this [i.e., the version about the gun going off accidentally during a struggle] could not have been the case due to the fact that a gun shot at this range would have killed Mr. Schultz he would have told the judge his recollection of the events." Given defendant's admission to a "spotty" recollection, and viewing the affidavit as a whole, it seems defendant is arguing that his attorney was ineffective for not helping defendant to properly fabricate his testimony to conform with the other evidence. We decline to accept this argument as a basis for reversal.

Moreover, as defendant's trial counsel argued at trial, the medical records were not necessarily inconsistent with defendant's testimony. The medical records revealed that Schultz suffered four gunshot wounds to the front and side of his abdomen and three gunshot wounds in the back. At trial, defendant testified that as he and Schultz were struggling for the weapon, defendant gained control of it and it accidentally fired and "hit [Schultz] in the side." While the trial court believed that being shot at close range would have killed Schultz, this does not demonstrate that defendant's testimony was inconsistent with Schultz's medical records. In fact, his testimony that the gun fired and hit Schultz in the side is actually fairly consistent with the medical records. The trial court's decision to find Schultz's account more credible is not proof of deficient performance by defendant's trial counsel.

Defendant contends that his trial counsel was deficient in not moving for a ballistics expert. This decision did not constitute ineffective assistance of counsel. There was no dispute that defendant fired the shotgun that injured Schultz. The primary issue at trial concerned whether defendant or Schultz was the aggressor. The type of weapon involved in the shooting was never at issue and defendant does not explain how a ballistics expert would have aided his case. "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v. Horn*, 279 Mich. App. 31, 39 (2008). Therefore, defendant's trial counsel's decision not to move for a ballistics expert was not a case of deficient performance.

Finally, defendant argues that his trial counsel was deficient in counseling defendant to waive his right to a jury trial. The record demonstrates that defense

> counsel discussed with defendant the consequences of waiving the right to a jury trial. Therefore, it cannot be said that defense counsel's actions fell below an objective standard of reasonableness. *Pickens*, 446 Mich. at 302-303. Indeed, defendant does not expand on why this constituted deficient performance. As the prosecution notes, if this Court were to reverse based on this bare assertion, it would open the door to reversal of all convictions that came after a bench trial. There is no evidence to suggest that recommending waiver of the right to a jury trial was deficient in this case. Defendant was not denied his Sixth Amendment right to effective assistance of counsel.

*Ford*, 2015 WL 8283477, at *2 (footnote omitted).

Claims of ineffective assistance of counsel are subject to the deferential two-prong standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* asks: (1) whether counsel was deficient in representing the defendant; and (2) whether counsel's alleged deficiency prejudiced the defense so as to deprive the defendant of a fair trial. See *id*. at 687. To meet the first prong, a petitioner must establish that his attorney's representation "fell below an objective standard of reasonableness," and must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" *Id*. at 688, 689. The "prejudice" component of a *Strickland* claim "focuses on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Prejudice, under *Strickland*, requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The State court did not unreasonably apply this standard to Petitioner's allegations of ineffective assistance. As the court noted, there is nothing on the record or in Petitioner's affidavit filed in the state courts to support his contention that his counsel did not adequately investigate the

case. The trial record demonstrates that counsel questioned the witnesses in a manner evidencing thorough preparation, made appropriate objections and arguments, and presented Petitioner's defense as he described it in his own testimony.

Petitioner states that he told his attorney that the victim brought the gun to his apartment and they fought over it, but that he merely shot the gun towards the area where Schultz was standing to scare him away. This version was contradicted by the victim's testimony. In the face of the conflicting versions, defense counsel argued in closing that Schultz was the aggressor on the day of the shooting, and that Schultz had also attacked the Petitioner the day before. He argued that during the struggle over the shotgun, it was reasonable to believe that the gun fired accidentally. This closing argument was derived from Petitioner's testimony as well as the other evidence presented at trial. Counsel was therefore not ineffective in the manner he presented Petitioner's defense.

Petitioner alleges his counsel did not review the victim's medical records with him prior to trial, which he claims contradicted his account of the shooting. He claims that if he had, he would have testified differently about the struggle with the victim for control of the gun. As the state court noted, however, this claim amounts to an argument that counsel prevented Petitioner from falsely tailoring his testimony to the physical evidence. Petitioner's claim that he did not have a clear recollection of the events does not resurrect the claim. If that were true, then Petitioner admits that he lied under oath at trial when he described the circumstances of the shooting.

Petitioner argues that trial counsel was ineffective for not requesting a ballistics expert. It is difficult to understand how an expert would have benefitted the defense. In any event, a habeas petitioner's claim that trial counsel was ineffective for failing to call an expert witness cannot be

based on speculation. See *Keith v. Mitchell*, 455 F. 3d 662, 672 (6th Cir. 2006). Petitioner offers no evidence that there was an expert who would have aided his defense.

Finally, Petitioner asserts that his counsel misadvised him to waive his right to a jury trial. The decision to waive a jury and proceed with a bench trial is a "classic example of strategic trial judgment" for which *Strickland* requires deferential judicial scrutiny, particularly on habeas review. See *Walendzinski v. Renico*, 354 F. Supp. 2d 752, 758 (E.D. Mich. 2005) (citation omitted). Trial counsel's advice to Petitioner to waive a jury and proceed with a bench trial "constitutes a conscious, tactical choice between two viable alternatives." *Id.*; *Willis v. Smith*, 351 F.3d 741, 746 (6th Cir. 2003) ("[The petitioner's] attorney could have reasonably believed that it was better strategy for Willis to be tried by the judge rather than a jury, and [the petitioner] has failed to offer any evidence to the contrary."). This allegation was reasonably rejected by the state court.

Petitioner's first claim is without merit and will be denied.

**B.**

Petitioner argues that the trial court erred in failing to depart below the recommended sentencing guideline range due to his mental illness. He also asserts that the court incorrectly scored points on the sentencing guidelines for the offense variable concerning a premeditated intent to kill when the scoring was based on facts not proven beyond a reasonable doubt. Finally, he contends that he was erroneously sentenced as a habitual felony offender when he was not notified of the sentence enhancement.

First, errors in the application of state sentencing guidelines cannot independently support habeas relief. See *Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Accordingly, Petitioner's claim that the state trial court failed to depart below the correct sentencing guidelines range does

not entitle him to habeas relief. Such a failure to depart does not violate any of Petitioner's federal due process rights. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

Not every fact influencing judicial discretion in sentencing must be found by a jury beyond a reasonable doubt. *Id.* at 116. When the trial court denied Petitioner's motion for relief from judgment, where Petitioner first raised his *Alleyne/Lockridge* claim, it found that relief was not warranted because: (1) it sat as the finder of fact at trial and determined the facts after trial that informed the later sentencing decision, and (2) that it would have nevertheless imposed the sentence had it viewed the guidelines as advisory. Dkt. 10-13, at 1–2. This second rationale cured any potential error under *Alleyne/Lockridge*. "After *Lockridge*, a trial court's imposition of a sentence, no matter how it may be guided by the sentencing guidelines, represents an exercise of the court's discretion." *Fitzgerald v. Trierweiler*, 2017 WL 2790710, at *7 (W.D. Mich. June 28, 2017). Because the trial court essentially reconsidered Petitioner's sentence in deciding Petitioner's motion for relief from judgment in light of *Lockridge*, the sentence imposed was an exercise of the judge's discretion. *See id.* "Facts the trial court may have found in support of its exercise of discretion do not implicate the Sixth Amendment." *Id.*

Finally, the record contradicts Petitioner's claim that he was not notified of the habitual offender sentencing enhancement. The court found, "[t]he Information, dated March 8, 2014, on which [Ford] was arraigned on April 24, 2014, contains statutorily compliant language of [Ford] being charged as a Fourth Habitual Offender." Dkt. 10-11, at 3. That factual finding is presumed correct, and Petitioner has failed to offer clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e).

Petitioner's second claim is without merit and will be denied.

**IV.**

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to any of his claims because they are all devoid of merit. Therefore a certificate of appealability will be denied.

The Court will deny permission to appeal in forma pauperis because an appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**V.**

Accordingly, it is **ORDERED** that Petitioner's writ of habeas corpus, ECF No. 1, is **DENIED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to appeal in forma pauperis is **DENIED**.

**SO ORDERED**

Dated: April 24, 2019  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Kenneth Ford** #181879, LAKELAND CORRECTIONAL FACILITY, 141 FIRST STREET, COLDWATER, MI 49036 by first class U.S. mail on April 24, 2019.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager